UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARTHUR VAN SWAIT,<br><br>    Petitioner,<br><br>v.<br><br>M.S. EVANS,<br><br>    Respondent. | Case No. CV 08-04478 ABC (AN)<br>Case No. CV 08-04603 ABC (AN)<br>Case No. CV 08-04846 ABC (AN)<br>Case No. CV 08-04982 ABC (AN)<br><br>ORDER SUMMARILY DISMISSING FOUR PETITIONS FOR WRIT OF HABEAS CORPUS FILED BY PETITIONER ARTHUR VAN SWAIT |

    Before the Court are four petitions for writs of habeas corpus that Arthur Van Swait, a state prisoner proceeding *pro se*, filed with this Court in July 2008. The Court has reviewed the petitions pursuant to its duty to screen petitions prior to service and finds the petitions are very similar. Accordingly, in the interests of justice and judicial economy, the Court will consider the petitions together. Further, for the reasons discussed below, the petitions are summarily dismissed.

## I. Background

### A. Prior § 2254 petitions

    Van Swait is currently in state custody pursuant to a criminal conviction and related twenty-four year prison sentence for carjacking, robbery, and the unlawful taking of a vehicle that he sustained in 2002 following a jury trial in the Superior Court for Los

Angeles County in case no. SA044542 ("2002 Conviction"). He has previously filed two § 2254 habeas petitions with this Court in connection with his 2002 Conviction.

### 1. 2005 Action

The initial petition was filed on March 9, 2005. (CV 05-1732 ABC (AN) ("2005 Action").) However, the Court's pre-service review disclosed the initial petition was subject to dismissal because, among other things, it was a mixed petition that also raised several non-cognizable claims, and had attachments that were malodorous, filthy and unsafe to handle without surgical gloves. (2005 Action, 5/18/05 Order at 2-3 (docket no. 12).) Accordingly, Van Swait was granted leave to file a first amended petition to cure the defects. (*Id.*) Van Swait eventually filed a first amended petition (docket no. 53) that raised five claims, however, a pre-service review disclosed the first amended petition was also subject to summary dismissal as a mixed petition because the first, second and fifth claims were unexhausted. (*Id.*, 1/13/06 Memorandum and Order ("1/13/06 Order") (docket no. 66).) Accordingly, Van Swait was granted leave to file a second amended petition in order to correct this defect. (*Id.*) Van Swait, however, failed to file a second amended petition in the time and manner directed by the 1/13/06 Order. Therefore, on June 9, 2006, the 2005 Action was dismissed without prejudice on the ground that the first amended petition was a mixed petition. (*Id.*, 6/9/06 Memorandum and Order Dismissing Action Without Prejudice (docket no. 84); 6/9/06 Judgment (docket no. 85). Van Swait appealed the judgment of dismissal but his requests for certificates of appealability were denied by this Court and the United States Court of Appeals for the Ninth Circuit, respectively. (*Id.*, 09/28/06 Order (ABC) (docket no. 92); 5/14/07 Circuit Order (docket no. 105).)

During the 2005 Action, Van Swait also filed numerous motions, including the following two motions that are relevant to the pending proceedings: (1) a motion for order directing the Attorney General to have a certified court stenographer transcribe an audiotape ("motion for transcription") (docket no. 14) and (2) an "application for suppression of illegally intercepted wire communication" ("suppression motion") (docket

no. 29).) The Magistrate Judge denied both of these motions. (*Id.*, 12/29/05 Order denying motion for transcription (docket no. 51); 12/29/05 Order denying motion for transcription (docket no. 44).)

### 2. 2007 Action

On September 5, 2007, Van Swait filed another § 2254 petition raising two claims seeking relief from his state custody arising from his 2002 Conviction. (CV 07-05766 ABC (AN) ("2007 Action").) On November 21, 2007, the 2007 Action was dismissed with prejudice because this Court found both claims were time-barred and, alternatively, the claims lacked merit. (*Id.*, Judgment (docket no. 14).) Van Swait has appealed the judgment dismissing the 2007 Action and the appeal is still pending. (*Id.*, 2/14/08 Ninth Circuit Notice of Appeal Form (docket no. 28).)

### B. Pending Proceedings

In July 2008, Van Swait constructively filed the four pending § 2254 petitions with this Court. (See CV 08-4478 ABC (AN) ("Petition A"); CV 08-04603 ABC (AN) ("Petition B"); CV 08-04846 ABC (AN) ("Petition C"); and CV 08-04982 ABC (AN) ("Petition D"). None of the four petitions raise any traditional federal habeas claims directed at Van Swait's current state custody arising from his 2002 Conviction. Instead, all of the petitions are being used to bring post-judgment motions pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)") that are directed at the three orders issued by the Magistrate Judge and the Court's order and related judgment of dismissal in the 2005 Action. Specifically, the motions attached to Petitions A, B, and C, which are brought pursuant to Rule 60(b)(6), are directed at the Magistrate Judge's following orders: (1) the 12/29/05 Order denying motion for transcription, (2) the 12/29/05 Order denying suppression motion, and (3) the 1/13/06 Order finding the first amended petition was subject to dismissal as a mixed petition. (Petition A at 5, attached "Permission Requested to File Fed. Rule Crim. (sic) Proc. Rule 60 (b)(6) Motion" at 5; Petition B, attached "Permission Requested to File a Rule 60(b)(6) Motion, District Court M&O is Void Judgment" at 5; and Petition C, attached "Permission Requested to File a Rule 60(b)(6)

3

Motion, District Court Orders (M&O #66) and (Suppression 1 Denied #51) are Both Void Judgments" at 6, 34.) The motion attached to Petition D, which is brought pursuant to Rule 60(b)(4) & (6), challenges the Court's order and related judgment dismissing the 2005 Action. (Petition D, attached "Permission Requested to File a Rule 60(b)(6) Motion, District Court M&O is Void Judgment" at 4-5, 26.)

## II. Discussion

A. **Standard of Review**

    1. **Habeas Rules**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[, 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S.Ct. 2566, 2569 (2005). The discrete Rules include Habeas Rule 2(c), which imposes a "more demanding" pleading standard than the notice pleading used for complaints in ordinary civil cases. *Felix*, 545 U.S. at 655. Under Habeas Rule 2(c), a petition must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground[;... and] the petition is expected to state facts that point to a real possibility of constitutional error." *Id.* Further, in *Felix*, the Supreme Court held:

> A prime purpose of [Habeas] Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas [] Rule 4, if "it plainly appears from the petition ...that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Id.* at 656. Also, the Advisory Committee Notes to Habeas Rule 4 expressly provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional

error." Habeas Rule 4, Advisory Committee Notes (1976 Adoption). Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

**2.   § 2254**

Under 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court cannot entertain a state prisoner's habeas petition unless the petition raises claims that challenge the prisoner's state "custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Moreover, federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings."

**B.   Analysis**

The Court finds all four of the pending petitions are subject to summary dismissal. None of the petitions raise any cognizable habeas claims directed at seeking relief from Van Swait's current state custody arising from his 2002 Conviction.[1] Instead, as discussed above, the four petitions are simply being used as vehicles to bring the attached Rule 60(b) motions directed at this Court's orders and judgment in the 2005

---

[1] Indeed, in the Rule 60(b) motion attached to Petition D, Van Swait even asserts "[t]his Rule 60(b)(6) motion challenges (only) the district court's failure to reach the merits of a claim raised in the District Court habeas proceeding,....[and] does not assert, or reassert claims of error in the state conviction." (Petition D, Rule 60(b) motion at 5.)

Action.[2/] Accordingly, the pending petitions are subject to summary dismissal because the petitions are not directed at his state custody arising from his 2002 Conviction and do not raise any habeas claims upon which relief may be granted from his state custody pursuant to the state judgment of conviction. § 2254(a), (d).

Further, even if the Court could consider the attached Rule 60(b) motions, or alternatively assuming that Van Swait had filed the attached Rule 60(b) motions as post-judgment motions in the 2005 Action, the Court finds the motions are untimely and fail to show extraordinary circumstances warranting relief to prevent a manifest injustice.

A Rule 60(b)(4) or 60(b)(6) motion must be brought "within a reasonable time" after a judgment is entered. Rule 60(b)(4), (6). "What constitutes a reasonable time depends on the facts of each case," and should take into consideration the reasons for the delay and whether the government was prejudiced by the delay. *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (citations omitted). If timely brought, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez*, 545 U.S. 524, 125 S.Ct. at 2650. Rule 60(b)(6) is to be used "sparingly [and] as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 125 S.Ct. at 2649. To obtain such relief, "[t]he party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

This Court entered its order and related judgment dismissing the 2005 Action on

---

[2/] Although its not completely clear, it appears Van Swait may be using the petitions because he may be under the impression that he can no longer file a Rule 60(b)(6) motion in the 2005 Action because it is closed and the Ninth Circuit has already denied his request for a certificate of appealability. It is clear Van Swait has not directed the attached Rule 60(b) motions at the judgment in the 2007 Action because he clearly understands such motions would be subject to dismissal as successive petitions in light of the Supreme Court's ruling in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2650, 162 L.Ed.2d 480 (2005), which he cites in the Rule 60(b) motion attached to one of the four petitions. (*See* Petition D, Rule 60(b) motion at 24.)

1  June 13, 2006. (2005 Action, M&O dismissing action without prejudice (docket 84) and
2  judgment (docket no. 85).) Meanwhile, Van Swait has failed to proffer any legally valid
3  explanation for his two-year delay in bringing a Rule 60(b)(6) motion. To the contrary,
4  the Court's records establish that, between June 15, 2006, and September 25, 2006, Van
5  Swait submitted seven post-judgment filings in the 2005 Action. On August 19, 2007
6  he also filed his petition in the 2007 Action and made numerous filings in that case until
7  it was dismissed with prejudice on November 21, 2007. Van Swait's post-judgment
8  filings and submissions in the 2005 Action and his filings in the 2007 Action demonstrate
9  Van Swait had the ability and means to file timely Rule 60(b)(6) motions in the 2005
10 Action, underscore Van Swait's lack of diligence, and negate his ability to demonstrate
11 that circumstances beyond his control prevented him from bringing timely Rule 60(b)
12 motions in the 2005 Action. Therefore, the Court finds the attached Rule 60(b) motions
13 are untimely. *See In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (two-year delay
14 unreasonable); *Morse-Starrett Products Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir.
15 1953) (twenty-two months unreasonable when no explanation given for delay). Further,
16 the Court finds the Rule 60(b) motions do not demonstrate the existence of extraordinary
17 circumstances, and that the motions also fail to show a manifest injustice will result if
18 the Court does not reverse the aforementioned orders or vacate the judgment in the 2005
19 Action. Indeed, as discussed above, the Ninth Circuit's denial of Van Swait's request
20 for a certificate of appealability in the 2005 Action removes any doubt about the absence
21 of extraordinary circumstances or manifest injustice warranting relief under Rule 60(b).
22      Accordingly, the Court finds that, whether the attached motions are brought
23 pursuant to Rule 60(b) (4) or (6), and assuming they can even be properly considered
24 given that they are not filed in the 2005 Action, the motions are untimely, lack merit, and
25 are denied.
26 ///
27 ///
28

### III. Conclusion

For the reasons discussed above, the reference to the Magistrate Judge is vacated in CV 08-04478 ABC (AN), CV 08-04603 ABC (AN), CV 08-04846 ABC (AN), and CV 08-04982 ABC (AN), and the petitions in these actions are summarily dismissed. The Clerk is directed to file a copy of this Order in each of the foregoing cases. Any and all other pending applications, motions, and requests are terminated.

IT IS SO ORDERED.

Dated: August 27, 2008

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

Presented by:

___/s/ Arthur Nakazato___
Arthur Nakazato
United States Magistrate Judge